PEOPLE v GRATZER

Docket No. 51501. Submitted February 4, 1981, at Lansing.—Decided
March 17, 1981. Leave to appeal denied, 411 Mich 961.

Gary Gratzer and Larry Perry were each charged with delivery of
a controlled substance and possession of a controlled substance.
The Clinton Circuit Court, Timothy M. Green, J., dismissed the
charges on the basis of entrapment. The people appeal. *Held:*

In this case the police induced a friend of the defendants, by
threat of arrest, to arrange for the defendants to sell the friend
cocaine on four separate occasions. Each time the defendants
obtained the cocaine from third parties as a favor to the friend
and turned the money over to their sources, thus making no
profit. The trial court's finding of entrapment on the facts
presented was not clearly erroneous.

Affirmed.

1. CRIMINAL LAW — ENTRAPMENT — OBJECTIVE TEST FOR ENTRAP-
MENT.

Michigan has adopted the objective test for entrapment, in which
it must be determined whether the conduct of the police in a
case was of such a nature that it would induce the commission
of a crime by an otherwise unwilling or unready person.

2. CRIMINAL LAW — ENTRAPMENT — EVIDENCE.

Entrapment must be proven by a defendant by a preponderance
of the evidence.

3. APPEAL — CRIMINAL LAW — ENTRAPMENT.

The Court of Appeals reviews a trial court's findings on the issue
of entrapment using a standard of whether or not there was
clear error.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 143, 144.
[2] 29 Am Jur 2d, Evidence § 156.
Instructing on burden of proof as to defense of entrapment in
federal criminal case. 28 ALR Fed 767.
[3] 5 Am Jur 2d, Appeal and Error § 867.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John W. Newman,* Prosecuting Attorney (by *Mary C. Smith,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Richard J. Amberg, Jr.,* for defendants.

Before: DANHOF, C.J., and R. M. MAHER and BEASLEY, JJ.

PER CURIAM. Defendants were charged with delivery of a controlled substance, MCL 333.7401(1), (2)(a)(iii); MSA 14.15(7401)(1), (2)(a)(iii), and possession of a controlled substance, MCL 333.7403(1), (2)(a)(iii); MSA 14.15(7403)(1), (2)(a)(iii). Following a *Turner*[1] hearing, the trial court granted defendants' motions for dismissal of the charges based on entrapment and the people appeal as of right.

The testimony bearing on entrapment can be summarized as follows: The Michigan State Police and members of the Lapeer County Investigative Unit, by threatening to arrest Paul Cozcarelli for narcotics violations, convinced him to aid them in narcotics investigations as an informant. Cozcarelli subsequently made drug purchases from defendants which resulted in their arrests.

Defendants shared a house in Haslett and had been friends with Cozcarelli, who lived in Imlay City, since the three had attended Michigan State University together in the early 1970's. The friendship had continued after college and Cozcarelli occasionally visited defendants at their residence or attended social functions with them. He worked at an automobile dealership and had helped one of the defendants buy a car.

[1] *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973).

The police asked Cozcarelli to attempt to purchase narcotics from defendants and provided him with the money needed. The police determined the dates of purchase and quantities, and a police officer drove Cozcarelli to defendants' house for the purchases. Four separate transactions occurred, each initiated by Cozcarelli, who telephoned one of the defendants and indicated that he wanted to purchase cocaine. Defendants testified that on each occasion they had no cocaine, but agreed to obtain some from third parties as a favor to Cozcarelli. Each time, they located cocaine and sold it to Cozcarelli, turning the money over to the unidentified sources and making no profit. Defendant Gratzer claimed that on two of the occasions, Cozcarelli stated that he needed the cocaine for friends visiting at the time. The police raided defendants' house and arrested them immediately after the last sale.

The trial court found entrapment, ruling that the police conduct was sufficiently provocative to induce a normally law-abiding citizen to commit a crime and that the action of the police was so reprehensible that as a matter of public policy the charges should be dismissed. Specifically, the trial court found that the police exploited the friendship between defendants and Cozcarelli for the purpose of obtaining evidence.

In *People v Turner, supra,* the Michigan Supreme Court adopted the objective test for entrapment, relying on the dissenting opinion of Justice Stewart in *United States v Russell,* 411 US 423; 93 S Ct 1637; 36 L Ed 2d 366 (1973). The Court quoted the following rationale of the objective test from Justice Stewart's opinion:

" 'But when the agents' involvement in criminal ac-

tivities goes beyond the mere offering of such an opportunity, and when their conduct is of a kind that could induce or instigate the commission of a crime by one not ready and willing to commit it, then—regardless of the character or propensities of the particular person induced—I think entrapment has occurred. For in that situation, the Government has engaged in the impermissible manufacturing of crime, and the federal courts should bar the prosecution in order to preserve the institutional integrity of the system of federal criminal justice.' " 390 Mich 7, 21.

In *People v Wisneski,* 96 Mich App 299, 303; 292 NW2d 196 (1980), this Court stated:

"The character or propensities of a particular defendant are totally irrelevant to the entrapment determination. *People v Cushman,* 65 Mich App 161; 237 NW2d 228 (1975). If the methods used by the police are repugnant to fair play and justice, the courts, in an attempt to discourage the practice and to uphold confidence in the fair and honorable administration of justice, will refuse to permit prosecution. The real concern in entrapment cases is 'whether the actions of the police were so reprehensible under the circumstances, that the Court should refuse, as a matter of public policy, to permit a conviction to stand'. *People v Turner, supra,* 22.

"For the court to determine whether the police conduct was of such a nature that it would induce the commission of a crime by an otherwise unwilling or unready person, the facts of each case must be examined. *People v Fraker,* 63 Mich App 29; 233 NW2d 878 (1975)."

The defendant must prove entrapment by a preponderance of the evidence and the clearly erroneous standard governs our review of the trial court's ruling. *People v Artuso,* 100 Mich App 396; 298 NW2d 746 (1980). We cannot conclude, after

reviewing the record, that the trial court's findings were clearly erroneous. The trial court applied the objective standard. This Court has previously found entrapment where the police exploited and abused a friendship between the defendant and the police informant in order to solicit drug sales. *People v Duis,* 81 Mich App 698; 265 NW2d 794 (1978), see *People v Wisneski, supra.* The informant, Cozcarelli, was pressured by the police into setting up his friends. The evidence of police involvement in the narcotics transactions supports a finding that the police were engaged in the manufacturing of crime.

Affirmed.