PEOPLE v DENNING

Docket No. 71196. Submitted April 18, 1984, at Lansing.—Decided January 23, 1985.

Marvin L. Denning was charged with operating a motor vehicle under the influence of intoxicating liquor. He requested copies of all police reports in the case, and the prosecutor denied the request. Defendant's motion for production of the reports was denied, Clinton Circuit Court, Randy L. Tahvonen, J. Defendant appealed by leave granted. *Held:*

In this case, requiring the defendant to show the specific facts indicating that the police reports are necessary to the preparation of the defense would amount to requiring him to admit his guilt. Fundamental fairness dictates that he be provided access to the reports without being required to incriminate himself.

Reversed and remanded.

CRIMINAL LAW — DISCOVERY — POLICE REPORTS.

Generally, a defendant seeking access to police reports in the prosecution's file has the burden of showing specific facts indicating that such information is necessary to the preparation of the defense and in the interests of a fair trial; however, where requiring a defendant to show specific facts would result in an admission of guilt fundamental fairness dictates that he be given access to the police reports without being required to incriminate himself.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Jon Newman,* Prosecuting Attorney, for the people.

*Jonathan E. Maire,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
23 Am Jur 2d, Depositions and Discovery §§ 437, 444.
Right of accused in state courts to inspection or disclosure of evidence in possession of prosecution. 7 ALR3d 8.

Before: D. E. HOLBROOK, JR., P.J., and CYNAR and T. GILLESPIE,* JJ.

PER CURIAM. Defendant appeals by leave granted from the order which denied his motion for pretrial discovery of all police reports. Defendant was charged with operating a motor vehicle under the influence of intoxicating liquor, MCL 257.625; MSA 9.2325. Defendant's motion demanded "a copy of the complaint and warrant, a copy of any admissions and confessions, and all police reports in this cause * * *". The prosecution did give defendant copies of his own statements and a copy of the Breathalyzer test report, however the request for copies of all the police reports was denied. On appeal, defendant contends that the prosecutor is obligated to provide him with all reports.

As we said in *People v Browning (On Reh)*, 108 Mich App 281, 307; 310 NW2d 365 (1981):

"The trend in Michigan and other states is toward broader criminal discovery. Thus, the prosecutor is not merely a participant in a contest, but is one with a duty to seek justice. *People v Farrar*, 36 Mich App 294; 193 NW2d 363 (1971). Nonetheless, our courts have repeatedly stated that the prosecution is not required to simply turn over his entire file to the defense. See, *e.g.*, *People v Losey*, 98 Mich App 189; 296 NW2d 601 (1980)."

"* * * it does not ask too much to require defense counsel to state with some clarity just what is being sought."

In the instant case, defendant is requesting to see the reports prepared by his accuser, the police officer. We do not find that providing defendant with copies of the police report is tantamount to turning over the prosecutor's entire file.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The prosecutor and the trial court contend that defendant must give a specific reason for needing the police reports. While we agree that defendant carries the burden of proof as a general rule, we believe that certain exceptions exist.

"The Michigan Supreme Court has stated that the defense carries the burden of showing to the trial court *specific facts* ' "indicating that such information is necessary to a preparation of its defense and in the interests of a fair trial, and not simply a part of a fishing expedition". *Maranian, supra, [People v Maranian,* 359 Mich 361; 102 NW2d 568 (1960)] 368.' *People v Nkomo,* 75 Mich App 71, 76; 254 NW2d 657 (1977)." *People v Jesse Smith,* 81 Mich App 190, 198; 265 NW2d 77 (1978). (Emphasis in original.)

Requiring the defendant to show that he is unable to recall the events which led to his arrest would result in defendant's admitting that he was intoxicated. We cannot allow such a result to stand. This is not a situation where the police had defendant under surveillance for a long period prior to the arrest as in *People v Borney,* 110 Mich App 490, 494-495; 313 NW2d 329 (1981). Where, as here, defendant is charged with a crime that involves intoxication and the police reports are from a specified period of time that is not extensive and defendant's request is as reasonably specific as possible, such request should be granted. We cannot require defendant to admit guilt before allowing him access to the police reports.

"Fundamental fairness requires full disclosure, which can be accomplished only by providing copies of the police report." *In re Bay Prosecutor,* 109 Mich App 476, 486; 311 NW2d 399 (1981), *lv den* 411 Mich 1002 (1981). We do not feel this is a case where defendant's rights can be protected by cross-examination. *Borney, supra,* p 495. We do not

intend to allow defendants copies of all police reports without restriction, rather we are limiting our holding to cases of this nature where fundamental fairness requires defendants to have copies of the police reports without being required to incriminate themselves.

Reversed and remanded.