CITY OF HARBOR SPRINGS v McNABB

Docket No. 84677. Submitted November 20, 1985, at Lansing.—Decided April 8, 1986.

Defendant, Craig J. McNabb, was charged with reckless driving in the 90th District Court. The court refused a defense request for an order granting defendant a copy of the police report. Defendant applied for leave to appeal to the Emmett Circuit Court. Leave was denied, Richard M. Pajtas, J. Defendant appealed by leave granted. *Held:*

Fundamental fairness generally requires a criminal defendant to have access to, and copies of, an initial police report.

Remanded with instructions.

CRIMINAL LAW — POLICE REPORTS — DISCOVERY.

Fundamental fairness generally requires a criminal defendant to have access to, and copies of, an initial police report.

*Ramer & Moore* (by James T. Ramer), for the City of Harbor Springs.

*Smith & Meany* (by *Edward A. Meany*), for defendant.

Before: T. M. BURNS, P.J., and D. E. HOLBROOK, JR. and J. D. PAYANT,* JJ.

PER CURIAM. Defendant, Craig James McNabb, was charged with reckless driving, contrary to § 5.14 of the Uniform Traffic Code as adopted by the City of Harbor Springs. On January 14, 1985,

REFERENCES

Am Jur 2d, Criminal Law §§ 526, 527, 596.

Accused's right to discovery or inspection of "rap sheets" or similar police records about prosecution witnesses. 95 ALR3d 832.

Validity, construction and application of statutory provisions relating to public access to police records. 82 ALR3d 19.

* Circuit judge, sitting on the Court of Appeals by assignment.

defense counsel filed a demand for information, including a demand for a copy of the police report in the case. At a February 5, 1985, pretrial conference, the city attorney offered defense counsel an opportunity to review the report in the city attorney's office. Defense counsel stated that this was not sufficient and that he wanted an actual copy of the police report. The city attorney refused to provide a copy, stating that he would do so only if ordered by the district court.

Defense counsel then filed in district court a motion for disclosure of the police report and other information necessary for preparation of the defense. The district court denied the motion. Defense counsel then filed for interlocutory leave to appeal to the circuit court. The circuit court, however, denied defendant's motion. Defendant now appeals by leave granted to this Court. We reverse the lower court decisions and remand this case to the district court for further proceedings.

In *In re Bay Prosecutor,* 109 Mich App 476; 311 NW2d 399 (1981), *lv den* 411 Mich 1002 (1981), this Court reinstated a district court dismissal of criminal charges because the prosecutor therein refused to provide a copy of police reports to the defendants. In that regard, the *Bay Prosecutor* Court stated:

"The problem cannot be cured by the fact that the prosecutor read the police report to defense counsel and was willing to let him see it in the courtroom. Having the report read to the attorney immediately arouses suspicion that the material is being edited or censored. Moreover, such brief exposure to the report, be it in the prosecutor's office or the courtroom, does not lend itself to the type of study, contemplation, and analysis that the preparation of a criminal matter of this nature requires. Fundamental fairness requires full disclosure, which can be accomplished only by providing copies of the police report." 109 Mich App 485-486.

We agree with that analysis and hold that fundamental fairness requires that a copy of the report be supplied in this case. The district court therefore abused its discretion in denying defendant's request.

We note that the city attorney was willing to allow defense counsel unlimited review of the report in the city attorney's office. However, for some unexplained reason he refused to supply defense counsel with a copy of the report. Thus, the issue in this case is not whether defendant should be allowed access to the information contained in the report. Rather, the question is simply whether defendant is entitled to a printed copy of the report. The city attorney offered no justification for his action, but is apparently playing some sort of game. On the basis of this record, we can discern no legitimate reason for the city attorney to refuse defense counsel's request for a copy while at the same time supplying the requested information to defense counsel by way of visual display. Without any further information, the cost of copying would appear to be the only burden on the people if a copy were provided. In light of defense counsel's asserted willingness to pay the reasonable cost of copying, there is no justification for the people's refusal.

The people contend on appeal that defendant must give a specific reason for needing the police report and that defendant has failed to show facts which would indicate that the information is necessary to a preparation of the defense. The people's argument is not on point. The question before this Court is not one of whether defendant should be allowed access to the information contained in the report. Throughout the lower court proceedings, the city attorney maintained a continuing offer of disclosure of the information contained in

the police report by means of visual review in his office. Moreover, the underlying information is obviously necessary to a preparation of the defense in this case. The information is contained in the initial police report which provided the basis for the prosecution's case against defendant. While, on rare occasion, a situation might arise where the information contained in such a report would not be necessary to the preparation of a defense, such an occasion would be exceptional.

In accord with *People v Denning,* 140 Mich App 331; 364 NW2d 325 (1985), we do not intend by this opinion to allow defendants access to all police reports without restriction. Cases may arise with special circumstances or with numerous reports involved. However, we hold that fundamental fairness requires defendants to have access to, and copies of, the initial police report such as the one involved in this case. Without an opportunity for in-depth review of the information regarding the underlying facts of the case as stated by the police officers involved, a defendant may not be able to choose a defense theory under which to proceed.

The case is remanded to the district court, whereupon the prosecution shall without delay provide a copy of the report to defendant. The prosecution shall also turn over to defendant any other information which may aid him in establishing truth at trial.

Remanded. We retain no jurisdiction.