PEOPLE v JEMISON

Docket No. 113177. Submitted July 19, 1990, at Detroit. Decided
    January 22, 1991, at 9:15 A.M. Leave to appeal sought.
    Carolyn Jemison was convicted by a jury in the Detroit Record-
      er's Court, Vera Massey Jones, J., of two counts of welfare
      fraud, one count of conspiracy to commit welfare fraud, and
      two counts of computer fraud. The defendant appealed.
      The Court of Appeals *held:*
      1. The defendant's convictions of welfare fraud were sup-
    ported by sufficient evidence indicating that, while employed by
    the Department of Social Services, she caused payment of
    welfare benefits to her sister and brother-in-law who were
    posing as fictitious persons.
      2. The acquittal of the defendant's sister and brother-in-law
    of conspiracy and the conviction of the defendant are consis-
    tent. Conviction of conspiracy requires proof of an agreement
    between two or more persons and a specific intent to combine
    with others to do what is unlawful. The common-law rule
    precluding "one person" conspiracies so as to prevent the
    enforcement of inconsistent verdicts, does not apply where, as
    in this case, a joint trial is conducted before separate triers of
    fact.
      3. The defendant's convictions of computer fraud must be
    reversed because they were not supported by sufficient evidence
    indicating that she caused access to be made to a computer
    within the meaning of the statute proscribing computer fraud.
    The defendant's acts of providing fraudulent information on
    certain DSS paperwork which was fed into the DSS computer
    system by a computer operator did not cause access to be made
    to a computer.
      Affirmed in part and reversed in part.

1. CONSPIRACY — EVIDENCE.
    The Michigan conspiracy statute requires proof of an agreement

REFERENCES
Am Jur 2d, Conspiracy §§ 1, 26; Fraud and Deceit § 11.
Prosecution or conviction of one conspirator as affected by disposi-
    tion of case against coconspirators. 19 ALR4th 192.

between two or more persons and requires proof of the specific intent to combine with others to do what is unlawful (MCL 750.157a; MSA 28.354[1]).

2. CONSPIRACY — JOINT TRIALS — SEPARATE FACTFINDERS.

The common-law rule precluding "one person" conspiracies is intended to prevent the enforcement of inconsistent verdicts, and does not apply where conspirators are tried jointly, but before separate finders of fact.

3. CRIMINAL LAW — COMPUTER FRAUD.

A person, for purposes of the statute proscribing computer fraud, does not cause access to be made to a computer merely by supplying fraudulent information which ultimately finds its way into a computer system in the normal course of business (MCL 752.794; MSA 28.529[4]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Jack Blumenkopf,* Assistant Attorney General, for the people.

*Susan F. Reed,* for the defendant on appeal.

Before: SHEPHERD, P.J., and SAWYER and Mc-DONALD, JJ.

SHEPHERD, P.J. Defendant was convicted by a jury of two counts of welfare fraud, MCL 400.60; MSA 16.460, one count of conspiracy to commit welfare fraud, MCL 750.157a; MSA 28.354(1), and two counts of computer fraud, MCL 752.794; MSA 28.529(4). Defendant was sentenced to five years' probation, a suspended six-month prison term, and ordered to pay restitution. She appeals her convictions as of right. We affirm in part and reverse in part.

Defendant was employed from 1979 to 1987 by the Department of Social Services as an assistance payment worker. The charges against defendant stemmed from two files allegedly opened by her which resulted in $63,220.50 in aid to dependent children and food stamps being paid, over the

course of six years, to a fictitious woman named Brenda Spencer and her five children, and $3,652 in food stamps being paid to another fictitious party named Edward Kinchlow. Defendant's sister, Jacqueline Patterson, posed as Spencer and cashed all the welfare checks issued to Spencer. Spencer (Patterson) was also named as the representative authorized to obtain the food stamps on behalf of Kinchlow.

Defendant first contends on appeal that there was insufficient evidence to support her convictions of welfare fraud, which were premised on an aiding and abetting theory. When a defendant challenges the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den sub nom *Michigan v Hampton,* 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980). Here, we find that there was sufficient evidence from which the jury could find that defendant committed welfare fraud with respect to both the Spencer and Kinchlow files.

When the Spencer file was opened, defendant was involved in submitting the supporting documentation which was based on fraudulent information such as falsified birth records. More importantly, defendant claimed on that documentation that she had visited and spoken to Ms. Spencer, her children, and their landlord to verify certain information. These people did not in fact exist. From this, the jury could find that defendant knowingly supplied the false information to the DSS and aided her sister in obtaining the welfare funds. Defendant was also the caseworker for the Kinchlow file, which was based on false documen-

tation as well. The fictitious Spencer was named as the person authorized to receive the Kinchlow food stamps. From the evidence, it is clear that defendant knew neither recipient existed and that her sister was posing as Spencer. Defendant's sister, masquerading as Brenda Spencer, signed the DSS forms, cashed all the DSS welfare checks issued to both Spencer and Kinchlow, and even appeared at DSS offices for annual reviews. Our review of the record reveals that sufficient evidence was adduced at trial to prove defendant's guilt beyond a reasonable doubt on the elements of the offense and not, as defendant contends, guilt by association.

Defendant next argues that her conviction of conspiracy to commit welfare fraud must be vacated because her two codefendants, her sister and brother-in-law, were tried jointly with defendant but were found not guilty of conspiracy. We disagree. The Michigan conspiracy statute, MCL 750.157a; MSA 28.354(1), requires proof of an agreement between two or more persons and proof of the specific intent to combine with others to do what is unlawful, *People v Anderson*, 418 Mich 31; 340 NW2d 634 (1983), hence the "no one man conspiracy" rule which is derived from common law. The purpose of this rule is to prevent enforcement of inconsistent verdicts.

However, this rule does not apply where, as here, the conspirators were tried at the same time but before separate factfinders. *People v Cummings*, 139 Mich App 286, 293-294; 362 NW2d 252 (1984). In such cases, the evidence against the alleged conspirators is separately evaluated by different factfinders. In the case at bar, defendant and her brother-in-law were tried by a jury, while their codefendant Jacqueline Patterson was tried by the court. Under these circumstances, we cannot say that the verdicts are inconsistent. Defen-

dant's conviction of conspiracy to commit welfare fraud therefore must be affirmed.

We next address whether there was sufficient evidence to support the convictions of computer fraud. Though defendant has only indirectly raised this issue on appeal, it was argued below in defendant's motion to set aside her convictions and, therefore, was sufficiently preserved for our review. On the basis of the facts of this case, we must find that defendant's convictions cannot be sustained.

Defendant was charged with violating MCL 752.794; MSA 28.529(4), which provides:

> A person shall not, for the purpose of devising or executing a scheme or artifice with intent to defraud or for the purpose of obtaining money, property, or a service by means of a false or fraudulent pretense, representation, or promise with intent to, gain access to or cause access to be made to a computer, computer system, or computer network.

MCL 752.792(1); MSA 28.529(2)(1) defines "access" as follows:

> "Access" means to approach, instruct, communicate with, store data in, retrieve data from, or otherwise use the resources of, a computer, computer system, or computer network.

From our review of the record, we do not believe that the prosecution proved that defendant "caused access to be made" to the DSS computer for the purpose of executing the fraudulent scheme. The evidence at trial established that defendant completed documentation containing fraudulent information and submitted it to her supervisor in the usual course of business and under standard

procedure. The supervisor then gave the paperwork to a computer operator who in turn fed the information into the DSS computer system or network. This caused the files to be opened and maintained, and welfare checks and food stamps to be issued.

We cannot find that defendant's conduct fell within the purview of the computer fraud statute. To "cause access to be made" to a computer requires more than merely supplying information which ultimately finds its way into a computer system in the normal course of business. We do not believe, on the basis of the language of the statute, that the provision is all encompassing. The computer must serve as the device by which the fraud is perpetrated, and the defendant must participate in the access of the computer as that term is defined by the statute. Here, the computer merely played an incidental role in processing DSS paperwork. Defendant's convictions under the computer fraud statute therefore are reversed. Our disposition of the convictions under the computer fraud statute renders it unnecessary for us to address defendant's remaining issues.

Affirmed in part and reversed in part.