# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

LOIS BUTLER-JACKSON,

       Defendant-Appellant.

FOR PUBLICATION
November 6, 2014

No. 315591
Macomb Circuit Court
LC No. 2011-003482-FH

Before: RIORDAN, P.J., and CAVANAGH and TALBOT, JJ.

TALBOT, J. (*concurring in part, dissenting in part*).

While I concur with the majority that Lois Butler-Jackson was not immune from prosecution under MCL 333.26424(f) of the MMMA, and that the assessment of court costs of $1,000 were permissibly included in her sentence, I write separately because I disagree with the majority's determination that the allegations contained in the information did not constitute the crime of conspiracy to commit a legal act in an illegal manner.[1]

MCL 750.157a provides, in relevant part, that "[a]ny person who conspires together with 1 or more persons to . . . commit a legal act in an illegal manner is guilty of the crime of conspiracy . . . ." MCL 750.157a "requires proof of an agreement between two or more persons and proof of the specific intent to combine with others to do what is unlawful . . . ."[2]

"The primary goal of statutory construction is to give effect to the intent of the Legislature."[3] The first criterion in determining intent is the specific language of the statute.[4] In reading a provision, "[t]he fair and natural import of the provision governs, considering the subject matter of the entire statute."[5] *Random House Webster's College Dictionary* (1997)

---

[1] MCL 750.157a.

[2] *People v Jemison*, 187 Mich App 90, 93; 466 NW2d 378 (1991).

[3] *People v Light*, 290 Mich App 717, 722; 803 NW2d 720 (2010) (citation and quotation marks omitted).

[4] *People v Lively*, 470 Mich 248, 253; 680 NW2d 878 (2004).

[5] *People v McGraw*, 484 Mich 120, 124; 771 NW2d 655 (2009).

-1-

defines "legal" as "permitted by law; lawful" and "illegal" as "forbidden by law or statute." Thus, the relevant portion of MCL 750.157a prohibits a person from conspiring with one or more people to commit an act permitted by law in a manner forbidden by law or statute.

> The prosecution alleged that Butler-Jackson and Deloose
>
> did unlawfully conspire, combine, confederate and agree together with one another to issue signed "Physician Certifications" under the Michigan Medical Marijuana Act without establishing a bona fide physician-patient relationship and/or without establishing a factual basis to form a professional opinion that the person is likely to receive therapeutic or palliative benefit from the use of marihuana . . . .

Therefore, Butler-Jackson was charged with conspiracy to commit a legal act in an illegal manner based on Butler-Jackson's failure to comply with the requirements of MCL 333.26424(f).

During the time period relevant to this case, MCL 333.26424(f) provided that a physician "shall not be subject to arrest, prosecution, or penalty in any manner, or denied any right or privilege, including but not limited to civil penalty or disciplinary action by the Michigan board of medicine, the Michigan board of osteopathic medicine and surgery, or any other business or occupational or professional licensing board or bureau" under certain circumstances. As aptly noted by the prosecution, the "logical corollary" of this is that physician actions that are not in compliance with MCL 333.26424(f) are *not* immune from arrest and prosecution, as well as other civil actions and private disciplinary action. As a result, a physician's actions that fail to comply with MCL 333.26424(f) would be "illegal" under the dictionary definition of the word because a physician is not afforded immunity from criminal prosecution for those actions; and thus they are "forbidden by law or statute." Accordingly, I would find that Butler-Jackson's conviction for conspiracy to commit a legal act in an illegal manner should be affirmed.[6]

/s/ Michael J. Talbot

---

[6] MCL 750.157a.