PEOPLE v FREEMAN (AFTER REMAND)

Docket No. 62285. Decided July 12, 1979. On application by the people for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the order of the Court of Appeals and remanded the case to the Wayne Circuit Court for further proceedings.

Carl A. Freeman was charged with first-degree criminal sexual conduct and armed robbery. The Wayne Circuit Court, George T. Martin, J., granted the defendant's motions to order the complaining witness to undergo a psychiatric examination by a psychiatrist chosen by the defense and to discover all records concerning the treatment of the complaining witness by her physician. The Court of Appeals, V. J. Brennan, P.J., and Bashara and D. C. Riley, JJ., reversed (Docket No. 78-401). The Supreme Court, in lieu of granting leave to appeal, remanded to the Court of Appeals for reconsideration, because the Court of Appeals did not state reasons for its decision or have before it a complete record of the hearing on the motion. 402 Mich 930 (1978). On remand, the Court of Appeals reinstated the order of the circuit court (Docket No. 78-1818). The people apply for leave to appeal. *Held:*

On this record, the circuit court's order compelling the complaining witness to submit to a psychiatric examination and further ordering discovery of the complaining witness's past medical treatment for a mental disorder constituted an abuse of discretion. A trial judge has discretion, in a criminal case, to order discovery, but that discretion is subject to review for abuse. In this case defense counsel argued, but did not substantiate his claims, that the complaining witness is a "highly nervous person"; that the crimes charged had occurred more than two years before the date of the hearing on the motion; that the complaining witness is mentally retarded; that the accusation is "uncorroborated"; and that the information sought was necessary to attack the complaining witness's credibility. The circuit court, without elaboration, granted the motions. A criminal defendant desiring relief such as this defendant sought must demonstrate the need for it more adequately than do the amorphous contentions advanced in this record.

A defendant should not be allowed to select the psychiatrist;

if the court grants the defendant's motion, it should designate the psychiatrist.

The order of the Court of Appeals is reversed, and the case is remanded to the Wayne Circuit Court for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*James A. Callahan* for defendant.

PER CURIAM. The defendant has yet to be tried in Wayne Circuit Court on charges of first-degree criminal sexual conduct and armed robbery. Before trial, the defendant filed several motions with the circuit court, two of which form the basis of the prosecutor's application for leave to appeal to this Court. Pursuant to defense motions, the circuit court ordered the complaining witness to undergo a psychiatric examination to be performed by a psychiatrist of the defendant's choosing and further ordered the discovery of any and all records relative to the treatment of the complaining witness by her personal physician. The prosecutor argues here that the granting of these motions by the circuit court constituted an abuse of discretion.

When the prosecutor initially appealed to the Court of Appeals, that Court by order reversed the circuit court's order. The defendant appealed to this Court, however, and we remanded the case to the Court of Appeals for further consideration. 402 Mich 930 (1978). The Court of Appeals then reinstated the circuit court's order with instructions to review, *in camera,* the results of all psychiatric evaluations of the complaining witness to determine whether they would be admissible at the trial on the merits.

We are convinced that on the record before us the circuit court's order compelling the complaining witness to submit to a psychiatric examination and further ordering discovery of the complaining witness's past medical treatment for an alleged mental disorder constituted an abuse of discretion. A trial judge does indeed have discretion, in a criminal case, to order discovery. *People v Johnson*, 356 Mich 619; 97 NW2d 739 (1959); *People v Maranian*, 359 Mich 361; 102 NW2d 568 (1960). That discretion, however, is subject to review for abuse.

In this case, a hearing was held on the defense motions. Defense counsel argued, but did not substantiate his claims, that he was entitled to have his motions granted because the complaining witness is a "highly nervous person"; the alleged crimes had occurred more than two years before the date of the hearing; the complaining witness is mentally retarded; the accusation is "uncorroborated"; and the information was necessary to attack the complaining witness's credibility. The circuit court, without elaboration, granted the motions.

We conclude that a criminal defendant desiring relief such as this defendant sought must more adequately demonstrate the need for the discovery he seeks. We will not speculate as to what factors would warrant providing that relief. Clearly, however, something more than the amorphous contentions advanced in this record must be supplied. In addition, we do not believe a defendant should be allowed to select the psychiatrist; if a court grants defendant's motion, it should designate the psychiatrist.

Accordingly, since we have found an abuse of discretion, pursuant to GCR 1963, 853.2(4), in lieu

of granting leave to appeal, we reverse the orders of the Court of Appeals and the circuit court and remand the case to the Wayne Circuit Court for further proceedings. The stay of proceedings entered by this Court on December 6, 1978 is vacated.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.