PEOPLE v GRAHAM

Docket No. 108137. Submitted October 6, 1988, at Marquette. Decided December 5, 1988.

Michael B. Graham was bound over for trial in Marquette Circuit Court on two counts of criminal sexual conduct in the second degree for allegedly forcing sexual contact with the four-year-old daughter of his girlfriend. Graham and the girlfriend were also the parents of a younger child. The court, Edward A. Quinnell, J., granted defendant's motion to require the victim's mother, the complainant, to submit to an independent psychological evaluation. Defendant argued that the mother was an alcoholic, that she had made prior allegations of sexual abuse and rape which were unsubstantiated and ultimately dismissed by the police, that she had lived with other men besides him and that one of the men had the same first name as defendant and there were reports that this other man had sexually assaulted the mother's sister, and that the mother continued to bring unfounded and unsubstantiated charges regarding defendant's treatment and care of their younger child because defendant and the mother were involved in a child custody dispute over the younger child. At the hearing on defendant's motion, it was stated on the record that there were two purposes for the examination: (1) to see whether the mother is a person who has characteristics for being a truthful or untruthful person and (2) to see whether or not she is the type of person who would try to influence her child to lie about the charges of sexual assault. The people appealed by leave granted, arguing

References

Am Jur 2d, Depositions and Discovery §§ 402, 403.

Am Jur 2d, Expert and Opinion Evidence §§ 16 et seq.

Am Jur 2d, Rape § 107.

Am Jur 2d, Witnesses § 84.

Modern status of rule regarding necessity for corroboration of victim's testimony in prosecution for sexual offense. 31 ALR4th 120.

Necessity or permissibility of mental examination to determine competency or credibility of complainant in sexual offense prosecution. 45 ALR4th 310.

that the court abused its discretion in ordering a psychological examination of the mother.

The Court of Appeals *held:*

A psychological examination of a complaining witness in a criminal sexual conduct case may be ordered in certain cases, but there must be a compelling reason to do so. There has been no showing of a compelling reason for ordering a psychological examination of the mother in this case. The court abused its discretion in ordering the psychological examination.

Reversed and remanded.

1. CRIMINAL LAW — EVIDENCE — DISCOVERY.

A trial court has discretion to order discovery in a criminal case, and discovery should be granted when the information sought is necessary to a fair trial and a proper preparation of a defense.

2. CRIMINAL LAW — EVIDENCE — DISCOVERY — CROSS-EXAMINATION.

A trial court, in granting or denying pretrial discovery in a criminal case, should consider whether the defendant's rights can be fully protected by cross-examination.

3. CRIMINAL LAW — COMPLAINING WITNESSES — PSYCHOLOGICAL EXAMINATIONS.

A psychological examination of a complaining witness in a criminal sexual conduct case may be ordered in certain cases, but there must be a compelling reason to do so.

4. CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — EXPERT WITNESSES.

An expert witness may not render an opinion or assessment as to the veracity of a complaining witness in a criminal sexual conduct case, nor can the expert be used as a human lie detector to give a stamp of scientific legitimacy to the truth or falsity of a witness' testimony.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gary L. Walker,* Prosecuting Attorney, and *David A. Payant,* Assistant Prosecuting Attorney, for the people.

*Priscilla S. Burnham,* for defendant on appeal.

Before: GRIBBS, P.J., and CYNAR and J. T. KALL-
MAN,* JJ.

CYNAR, J. On February 3, 1987, defendant was
charged with two counts of criminal sexual con-
duct in the second degree, MCL 750.520c; MSA
28.788(3). On March 11, 1987, a preliminary exam-
ination was held and defendant was bound over to
circuit court on both counts. On March 29, 1988,
the trial court granted defendant's motion to re-
quire the victim's mother, the complainant, to
submit to an independent psychological evaluation.
The people appeal by leave granted.

The complainant is the mother of two minor
children. One born May 24, 1981, is the alleged
victim of the charged incidents of criminal sexual
conduct. The other born March 16, 1985, is the son
of the complainant and defendant. Defendant was
never married to the complainant and is not the
father of the victim.

According to her testimony at the preliminary
examination, the complainant and her two chil-
dren lived with defendant in Marquette, Michigan,
in the spring of 1985. The complainant and the
children again lived with defendant in Marquette
from approximately September 15, 1985, to Decem-
ber 15, 1985.

The complainant admitted to being an alcoholic
and testified that she entered an inpatient sub-
stance abuse program from March 13, 1986, to
April 3, 1986. She also testified that she had
further therapy subsequent to the inpatient pro-
gram and has ceased drinking.

In September, 1986, the complainant moved
with the victim to Flint, Michigan. According to
the complainant, the victim first told her about
the charged incidents involving defendant in De-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cember, 1986. The victim allegedly told the complainant that defendant made her touch his penis and that defendant had touched her vagina. The incidents of sexual contact allegedly occurred in the winter of 1985, while the complainant was at work. At the time of the sexual contact, defendant allegedly told the four-year-old victim that he would punch her mother in the face if she told anyone.

At the preliminary examination, diagrams of an adult male and a young female were used to assist the then five-year-old victim in testifying regarding the sexual assaults. With the aid of the diagrams, the victim testified that she touched defendant's penis and that defendant touched her vagina. The victim also indicated that something white came out of defendant's penis when she touched it.

On March 11, 1987, defendant was bound over for trial in circuit court on both counts of second-degree criminal sexual conduct. On March 23, 1988, defendant filed a motion to require the complainant to submit to an independent psychological evaluation. In his motion, defendant made several arguments in support of having the complainant submit to such an examination. Defendant argued that the complainant is an alcoholic and that her ongoing problem might have a direct bearing on the allegations of sexual assault and her motives and veracity. Defendant further argued that the complainant had made prior allegations of sexual abuse and rape in Marquette County which produced an unsubstantiated claim that was ultimately dismissed by the Marquette Police. Defendant further maintained that the complainant cohabited with other men and that one of the other men had the same first name as defendant and there were reports that this other

man had sexually assaulted the complainant's sister. Defendant also argued that the complainant continued to bring unfounded and unsubstantiated charges regarding defendant's treatment and care of their child because they were involved in a probate court proceeding for custody of that child.

On March 29, 1988, the trial court granted defendant's motion and entered an order requiring the complainant to make herself available for a psychological examination by a psychologist chosen by defense counsel. At the hearing on defendant's motion, it was stated on the record that there were two purposes for the examination. The first purpose was to see whether the complainant is a person who has characteristics for being a truthful or untruthful person. The second purpose was to see whether or not she is the type of person who would try to influence her child to lie about the charges of sexual assault.

On appeal, the people argue that the trial court abused its discretion in ordering a psychological examination of the victim's mother.

The trial court has discretion to order discovery in a criminal case. *People v Freeman (After Remand)*, 406 Mich 514, 516; 280 NW2d 446 (1979). This Court reviews the trial court's decision in granting or denying discovery for an abuse of discretion. *Freeman, supra; People v Borney*, 110 Mich App 490, 495; 313 NW2d 329 (1981).

Discovery should be granted where the information sought is necessary to a fair trial and a proper preparation of a defense; it should not be granted where to do so would be to sanction a fishing expedition. *Borney, supra.* In granting or denying pretrial discovery in a criminal case, the trial court should consider whether the defendant's rights can be fully protected by cross-examination. *Id.*

A psychological examination of a complaining witness in a criminal sexual conduct case may be ordered in certain cases, but there must a compelling reason to do so. *People v Payne,* 90 Mich App 713, 723; 282 NW2d 456 (1979).

In the present case, a compelling reason for ordering a psychological examination of the victim's mother, the complainant, has not been shown by defendant. Based on our review of the record, we find that defendant's motion to require the complainant to submit to the psychological examination was based on unsupported arguments made by defense counsel and that no evidence was introduced to support defendant's assertions. Furthermore, defendant's concern regarding the complainant's veracity and any motives she might have for encouraging her child to lie could properly be brought out during cross-examination.

Additionally, we find that the psychologist's evaluation might very well invade the province of the trier of fact in this case. It is well established that an expert may not render an opinion or assessment as to the veracity of a complaining witness in a criminal sexual conduct case. *People v Reinhardt,* 167 Mich App 584, 596; 423 NW2d 275 (1988); *People v Izzo,* 90 Mich App 727, 730; 282 NW2d 10 (1979), lv den 407 Mich 935 (1979). An expert cannot be used as a human lie detector to give a stamp of scientific legitimacy to the truth or falsity of a witness' testimony. *Izzo, supra.*

Moreover, we note that this case involves an unusual discovery order. In most criminal sexual conduct cases involving a request for a psychological examination, the defendant requests an evaluation of the alleged victim. However, in this case, defendant requested a psychological evaluation of the four-year-old victim's mother. While such an

examination might be necessary under certain extenuating circumstances, we hold that the trial court abused its discretion in ordering a psychological examination of the complainant in this case because defendant did not show a compelling reason for the examination.

This matter is reversed and remanded for further proceedings. We do not retain jurisdiction.