CORRIGAN, C. J.
We granted leave to appeal[1] to consider whether the materiality of a false statement is an element of the statutory offense of perjury, MCL 750.422 and 750.423. The Court of Appeals held that materiality is an element that must be submitted to the jury,[2] but the plain language of MCL 750.423 sets forth a definition of perjury that does not require proof of materiality. Because the Legislature has decided that materiality is not an element, the trial court did not err in refusing to submit that issue to the jury. We thus reverse the judgment of the Court of Appeals and reinstate defendant’s perjury conviction.
I. UNDERLYING FACTS AND PROCEDURAL HISTORY
This case arises from an underlying divorce action. Defendant’s husband sued her for divorce. A default judgment was entered. Defendant moved to set it aside. At the hearing on that motion, defendant testified that she was unaware of the divorce proceeding until after the judgment had entered and that the complaint for divorce had never been served on her. She also submit *250 ted an affidavit to that effect in support of her motion. The trial court set aside the default judgment.
The prosecutor charged defendant with one count of committing perjury in a court proceeding, MCL 750.422. The prosecutor alleged that defendant had falsely testified both that she had not been served with the complaint for divorce and that she had lacked knowledge of the divorce proceeding. Defendant moved to dismiss the charge on the ground that the allegedly false testimony was not material. The trial court denied the motion and ruled that the testimony was material.
The case proceeded to trial. The prosecution presented testimony from the divorce attorney for defendant’s husband, an officer who served the complaint on defendant, and a caseworker for the friend of the court. Defendant did not object to the court’s use of a standard criminal jury instruction, CJI2d 14.1, which, at the time, did not include materiality as an element for the jury to consider. Defendant did, however, request an instruction on specific intent that referred to a false statement on a material matter. The court denied defendant’s request to include the phrase “on a material matter” in the instruction. The jury found defendant guilty.
The Court of Appeals reversed the conviction. It concluded that the materiality of a false statement is an element of perjury. The Court noted that in United States v Gaudin, 515 US 506; 115 S Ct 2310; 132 L Ed 2d 444 (1995), the Supreme Court had concluded that materiality is an element in a federal prosecution for making false statements on federal loan documents, and had rejected the contention that materiality in perjury cases is a traditional exception to the rule that all the elements of an offense must be submitted to a jury. The Court of Appeals rejected case law suggesting *251 that materiality is an issue for the court, rather than the jury, to decide. See People v Noble, 152 Mich App 319; 393 NW2d 619 (1986); People v Hoag, 113 Mich App 789; 318 NW2d 579 (1982). Thus, the Court of Appeals concluded that the trial court erred in precluding the jury from considering materiality, and it determined that this error was not harmless beyond a reasonable doubt.
We granted the prosecution’s application for leave to appeal.[3]
II. STANDARD OF REVIEW
This case requires us to determine whether the materiality of the false statement is an element of the statutory offense of perjury. We review de novo this question of law. People v Mendoza, 468 Mich 527, 531; 664 NW2d 685 (2003).
III. ANALYSIS
To provide the proper context for our interpretation of Michigan’s perjury statute, we must discuss the constitutional principle set forth in Gaudin, supra. The Supreme Court explained in Gaudin that every essential element of an offense, including—where it is an element—materiality, must be submitted to the jury. Gaudin involved a federal statutory offense and the government had conceded that materiality was an element.[4] Gaudin thus provides that if materiality is an *252 element of a perjury-related offense, then it, like all other essential elements, must be submitted to the jury as a matter of federal constitutional law.
The holding in Gaudin offers no guidance on the interpretive question before us, i.e., whether materiality is an element of perjury under our state perjury statute. See Gaudin, supra at 525 (Rehnquist, C.J., concurring) (“Nothing in the Court’s decision stands as a barrier to legislatures that wish to define—or that have defined—the elements of their criminal laws in such a way as to remove issues such as materiality from the jury’s consideration.”). In other words, Gaudin simply makes clear that if materiality is an essential element under our state statute, then it must be submitted to the jury. If, however, we conclude that materiality is not an element, then the holding in Gaudin has no bearing on our determination.
The central question we must resolve, then, is whether our Legislature has defined the offense of perjury to include materiality as an element. This Court has previously indicated that, at common law, materiality was an element of perjury. See, e.g., People v Fox, 25 Mich 492, 496-497 (1872). Our Legislature, however, has constitutional authority to change the common law. Const 1963, art 3, § 7; Donajkowski v Alpena Power Co, 460 Mich 243, 256; 596 NW2d 574 (1999). It appears that this Court has never expressly decided whether MCL 750.423 or its predecessors altered the common-law definition of perjury.
*253 To discern the meaning of our perjury statute, we apply the interpretive principles recently set forth in Mendoza, supra:
Relying on established doctrines of interpretation, one cannot disagree that the first step in discerning legislative intent requires review of the statutory text adopted by the Legislature. House Speaker v State Administrative Bd, 441 Mich 547, 567; 495 NW2d 539 (1993). See also MCL 8.3a (“All words and phrases shall be construed and understood according to the common and approved usage of the language ....”). If unambiguous, the Legislature will be presumed to have intended the meaning expressed. Lorencz v Ford Motor Co, 439 Mich 370, 376; 483 NW2d 844 (1992). [Mendoza, supra at 550 (CAVANAGH, J., concurring in result).]
MCL 750.423 provides:
Any person authorized by any statute of this state to take an oath, or any person of whom an oath shall be required by law, who shall wilfully swear falsely, in regard to any matter or thing, respecting which such oath is authorized or required, shall be guilty of perjury, a felony, punishable by imprisonment in the state prison not more than 15 years. [Emphasis added.]
Our Legislature has thus defined perjury as a willfully false statement regarding any matter or thing, if an oath is authorized or required. Noticeably absent from this definition is any reference to materiality. The Legislature could easily have used a phrase such as “in regard to any material matter or thing,” or “in regard to any matter or thing material to the issue or cause before the court,” but the Legislature did not use such language.
The phrase “any matter or thing” is a broad one. The commonly understood word “any” generally casts a wide net and encompasses a wide range of things. “Any” has been defined as:
*254 1. one, a, an, or some; one or more without specification or identification. 2. whatever or whichever it may be. 3. in whatever quantity or number, great or small; some. 4. every; all.... [Random House Webster’s College Dictionary (2d ed, 1997).]
Thus, it is reasonable to conclude that the Legislature intended for perjury to consist of a willfully false statement concerning every matter or thing for which an oath is authorized or required, because it did not limit the matters or things in question on the basis of their materiality.
Reinforcing our conclusion that the Legislature’s failure to include a materiality requirement in MCL 750.423 is dispositive is the fact that several perjury-related statutes not at issue here do require that the false matter or statement be material. See MCL 28.422a, 32.1131, 168.729, 257.254, 324.5531(2), 380.1003, 500.2014, 500.4509, 600.8813, 764.1e(2), and 765.25.[5] These statutes demonstrate that the Legislature knows how to make materiality an element of a perjury-related offense. Thus, the failure to make materiality a requirement in the perjury statutes at issue here must be given meaning.
In light of the broad scope of the statutory phrase “any matter or thing,” we conclude that the Legislature intended that a willfully false statement about any matter or thing concerning which an oath was authorized or required falls within the statutory definition of perjury and thus may be charged as perjury if a prosecutor so chooses. [6]
*255 We note that many prior decisions of this Court have not analyzed the statutory language or adequately differentiated the statutory offense from its common-law counterpart.[7] See, e.g., People v Collier, 1 Mich 137, 138 (1848); Hoch v People, 3 Mich 552, 554 (1855); Flint v People, 35 Mich 491 (1877); Beecher v Anderson, 45 Mich 543, 552; 8 NW 539 (1881); People v McCaffrey, 75 Mich 115, 123-124; 42 NW 681 (1889) (quoting the predecessor to MCL 750.423, yet still assuming that materiality is required); People v Almashy, 229 Mich *256 227, 230; 201 NW 231 (1924); People v Kert, 304 Mich 148; 7 NW2d 251 (1943). These cases are overruled to the extent that they are inconsistent with our opinion today.[8]
Although the prior case law in this area has not been a model of clarity, the statutory definition of perjury is clear. We are bound to follow the Legislature’s directive that materiality is not an element of this offense. Our Legislature is responsible for defining the elements of criminal offenses, and we therefore adhere to those definitions.[9]
Chief Justice Rehnquist’s concurring opinion in Gau-din expressly recognized that legislatures are free to define “the elements of their criminal laws in such a way as to remove issues such as materiality from the jury’s consideration.” Gaudin, supra at 525. That is precisely what our Legislature has done. We must respect that legislative choice and apply the plain statutory language.[10]
*257 The dissent would follow earlier decisions of this Court treating materiality as an issue to be decided by the trial court, rather than the jury. The dissent’s position, however, is inconsistent with the United States Supreme Court’s decision in Gaudin. As a matter of federal constitutional law, all essential elements of an offense must be submitted to a jury. We are no longer free, in light of Gaudin, to follow earlier case law treating materiality as an element for the trial court to decide as a matter of law. We must conclude either that *258 materiality is an element that must be submitted to the jury, or that it is not an element at all.[11] As discussed above, we have read the statutory language as it is clearly written. The statutory text simply does not require proof that the false statement was material.
IV CONCLUSION
The plain language of our perjury statute alters the common law and does not require proof of materiality. We thus reverse the judgment of the Court of Appeals and reinstate defendant’s perjury conviction.
Weaver, Taylor, and Young, JJ., concurred with Cor-rigan, C.J.

 468 Mich 945 (2003).

 254 Mich App 249; 656 NW2d 850 (2002).

 468 Mich 945 (2003).

 The federal statute at issue in Gaudin provides:
“Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and wilfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent state- *252 merits or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $ 10,000 or imprisoned not more than five years, or both.” [Gau-din, supra at 509, quoting 18 USCS 1001 (emphasis added).]

 We also note that the federal perjury statute expressly requires that the false statement be material. See 18 USC 1623.

 The dissent opines that our decision will allow a prosecutor “unfettered discretion to charge a party or witness with perjury for any discrepancy made under oath, no matter how trivial.” Post at 262. In *255 responding to this argument, we find it useful to quote our response to a similar argument by the dissent in People v Chavis, 468 Mich 84, 94 n 6; 658 NW2d 469 (2003):
The dissent also criticizes our opinion as allowing the prosecutor “unfettered discretion,” post at 99, in determining when to bring charges under the statute. It is invariably the case that the prosecutor always has great discretion in deciding whether to file charges. Such executive branch power is an established part of our constitutional structure. Any apprehension that the prosecutor may abuse this power should be tempered, in part, by the knowledge that there are significant systemic protections afforded defendants, including the defendant’s right to a preliminary examination and right to a jury trial. Moreover, there are other protections against the misuse of power that spring from daily scrutiny by the media as well as from periodic elections, which call all office holders to account to their constituents.

 The dissent is therefore quite right to observe that for well over a century and a half Michigan courts have assumed that materiality is an element of perjury. This long history might be a reason to apply stare decisis and acquiesce in the judiciary’s redefinition of perjury, if not for the fact that we are compelled by Gaudin to revisit our perjury jurisprudence. As noted, Gaudin holds that materiality, like any element of a crime, must be submitted to and decided by the jury. Therefore, despite our precedent to the contrary, we are constitutionally compelled to reject the dissent’s assertion that “materiality is a question of law for the trial court to determine ....” Post at 264. Once we jettison one fundamental tenet of our 150-year jurisprudence on perjury, we have no reason to shy away from the other question posed by this appeal—whether materiality is truly an element of perjury as defined by our Legislature.

 The Court of Appeals has treated materiality as an element, but has also construed prior decisions of this Court to require that this element be decided by the trial court rather than a jury. See People v Hoag, supra-, People v Jeske, 128 Mich App 596; 341 NW2d 778 (1983); People v Noble, supra. Obviously, the holdings in those cases are inconsistent with Gaudin, which requires that a jury decide essential elements of an offense. We make clear that these cases should no longer be followed.

 The dissent’s analysis of stare decisis is incomplete because it fails to consider reliance interests. In Robinson v Detroit, 462 Mich 439, 466; 613 NW2d 307 (2000), we explained that this Court “must ask whether the previous decision has become so embedded, so accepted, so fundamental, to everyone’s expectations that to change it would produce not just readjustments, but practical real-world dislocations.” Here, the dissent fails to explain how our overruling of earlier case law that (1) improperly read an element into a perjury statute and (2) required the court rather than the jury to decide that element, will produce any real-world dislocations.

 While it is not necessary to our decision, we note that other state legislatures have made a similar choice to alter the common law by *257 eliminating the element of materiality from their perjury statutes. For example, in Beckley v State, 443 P2d 51 (Alas, 1968), the Alaska Supreme Court construed a statute similar to our own and concluded that it did not require proof of materiality. The Alaska statute provided: “ ‘A person authorized by law to take an oath or affirmation, or a person whose oath or affirmation is required by law, who willfully and falsely swears or affirms in regard to a matter concerning which an oath or affirmation is authorized or required, is guilty of perjury.’ ” Id. at 54. The Alaska Supreme Court concluded:
The statute is unambiguous. It clearly indicates the intent of a legislative body to enlarge the scope of the crime of perjury as it existed at common law so as to make it a crime for one to willfully and falsely swear in regard to any matter in respect to which an oath is authorized or required, regardless of the question of materiality of such matter to an issue before the court.
Materiality is not mentioned in the Alaska perjury statute; therefore it is unnecessary, in order to prove the crime of perjury, to establish that the matter concerning which willfully false testimony under oath was given was material to an issue before the court. The crime is complete if one shall willfully swear falsely in regard to any matter respecting which an oath is authorized or required. [Id. at 54-55.]
The court further noted that the Rhode Island Supreme Court had reached the same conclusion regarding a similarly worded statute in that state. See State v Miller, 26 RI 282; 58 A 882 (1904).
We find the Alaska Supreme Court’s reasoning persuasive. Like the Alaska law, our statute unambiguously defines perjury to exclude the common-law element of materiality.

 The dissent purports to follow Gaudin by insisting that materiality is not really an element, but simply a question of law to be decided by the trial court. But if, as the dissent contends, a defendant may not legally be convicted of perjury without proof of materiality, then materiality would, by definition, be an essential element of the offense. See Black’s Law Dictionary (7th Ed) (defining "elements of crime” as “[t]he constituent parts of a crime ... that the prosecution must prove to sustain a conviction”).
The dissent cannot have it both ways. Either materiality is an essential element that must be submitted to the jury under the federal constitution or it is not an element at all. The dissent would essentially create out of whole cloth a special “sub-element” category that is immune from the strictures of the federal constitution. In light of Gaudin, this Court’s obligation under the federal constitution is to require all essential elements of an offense to be submitted to a jury. We adhere to that duty and conclude that materiality simply is not an element under the language of our perjury statute.