PEOPLE v SHAHIDEH

Docket No. 267961. Submitted June 5, 2007, at Detroit. Decided October 25, 2007, at 9:05 a.m. Leave to appeal granted, 480 Mich 1195.

Amir A. Shahideh was convicted by a jury in the Oakland Circuit Court of first-degree murder, MCL 750.316(1), for the beating death of his girlfriend. The defendant did not raise an insanity defense at trial after the court, Steven N. Andrews, J., denied the defendant's pretrial request for an independent examination by his privately retained psychologist on the ground that the defendant had not complied with MCL 768.20a, which governs the procedure that a defendant must follow before raising the insanity defense at trial. The defendant appealed.

The Court of Appeals *held*:

The trial court erred by ruling that the defendant's request for an evaluation by a privately retained psychologist was governed by MCL 768.20a, which only applies when a defendant proposes—that is, plans or intends—to offer an insanity defense. In this case, defense counsel had requested the evaluation to determine whether there was a sufficient basis for asserting an insanity defense; thus, because the defendant had no plan or intention to offer an insanity defense when the request was made, MCL 768.20a was not implicated. Because the trial court's denial of the defendant's request constructively denied him the effective assistance of trial counsel by foreclosing the opportunity to investigate the viability of an insanity defense, the case must be remanded to allow the defendant the opportunity for an independent evaluation.

Remanded for further proceedings.

SCHUETTE, J., dissenting, would hold, after reading the language, ordering, and purpose of MCL 768.20a, that a defendant has no right to an independent examination under MCL 768.20a(3) before complying with MCL 768.20(1) and (2), which require that a defendant give notice to the court and prosecution of an insanity defense and be evaluated by the center for forensic psychiatry.

1. CRIMINAL LAW — DEFENSES — INSANITY — PSYCHIATRIC EVALUATIONS.

A defendant who seeks an independent psychiatric evaluation merely to determine whether an insanity defense is viable need not comply with the statute establishing the procedure for defendants who propose to offer an insanity defense at trial (MCL 768.20a).

2. CONSTITUTIONAL LAW — DEFENSES — INSANITY — PSYCHIATRIC EVALUATIONS — EFFECTIVE ASSISTANCE OF COUNSEL — REMEDY.

A trial court's denial of a defendant's pretrial motion to obtain an independent mental evaluation to determine whether an insanity defense is viable constitutes a constructive denial of the effective assistance of trial counsel; the proper remedy on appeal in such a case is to remand the case to afford the defendant an opportunity to obtain an independent evaluation (US Const, Am VI; Const 1963, art 1, § 20; MCL 768.20a).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Eric J. Smith*, Prosecuting Attorney, *Robert Berlin*, Chief Appellate Attorney, and *Joshua D. Abbott*, Assistant Prosecuting Attorney, for the people.

*Neil H. Fink* and *Kimberly W. Stout* for the defendant.

Before: SERVITTO, P.J., and JANSEN and SCHUETTE, JJ.

JANSEN, J. A jury convicted defendant of first-degree murder, MCL 750.316(1). He was sentenced to life in prison without parole. Defendant appeals by right, asserting that the trial court erred by refusing to authorize his privately retained psychologist to evaluate him while he was in jail awaiting trial. We agree, and remand for further proceedings consistent with this opinion.

I

Defendant's girlfriend was bludgeoned to death. Defendant was arrested for the crime. After the arrest, defendant moved for a court order to permit his own

privately retained psychologist to evaluate him and to determine whether it would be appropriate to pursue an insanity defense at trial. The prosecution refused to agree to such an order absent defendant's exact compliance with the procedures set forth in MCL 768.20a. The trial court ruled that defendant had not complied with MCL 768.20a and thus determined that defendant was not entitled to an independent psychological examination. The trial court accordingly denied defendant's motion.

The matter proceeded. Defendant did not assert the defense of insanity at trial. During deliberations, the jury sent a message to the court asking whether defendant would have been "able to propose a defense of 'temporarily insane' if in fact he made a confession, plus [a] statement to the police department prior to [the time when] defense counsel was involved." The trial court answered, "Please base your decision on the evidence introduced during the trial and the law provided by the [c]ourt." The jury found defendant guilty.

II

Whether MCL 768.20a applies in a certain case is a question of statutory interpretation. We review de novo questions of statutory interpretation. *People v Davis*, 468 Mich 77, 79; 658 NW2d 800 (2003). We similarly review de novo questions of constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review for an abuse of discretion the trial court's decision to grant or deny a defendant's request for a psychological evaluation. See *People v Freeman (After Remand)*, 406 Mich 514, 516; 280 NW2d 446 (1979); *People v Graham*, 173 Mich App 473, 477; 434 NW2d 165 (1988).

III

Defendant's sole claim on appeal is that the trial court erred by denying his pretrial request for an independent examination by his privately retained psychologist. We agree.

A

We begin by addressing whether defendant's request for an independent psychological evaluation was governed by MCL 768.20a. The prosecution asserts that it was. We conclude that it was not.

MCL 768.20a generally describes the procedure that a defendant must follow before he or she may raise the defense of legal insanity at trial. MCL 768.20a provides in pertinent part:

> (1) If a defendant in a felony case proposes to offer in his or her defense testimony to establish his or her insanity at the time of an alleged offense, the defendant shall file and serve upon the court and the prosecuting attorney a notice in writing of his or her intention to assert the defense of insanity not less than 30 days before the date set for the trial of the case, or at such other time as the court directs.

> (2) Upon receipt of a notice of an intention to assert the defense of insanity, a court shall order the defendant to undergo an examination relating to his or her claim of insanity by personnel of the center for forensic psychiatry or by other qualified personnel, as applicable, for a period not to exceed 60 days from the date of the order. . . .

> (3) The defendant may, at his or her own expense, secure an independent psychiatric evaluation by a clinician of his or her choice on the issue of his or her insanity at the time the alleged offense was committed. If the defendant is indigent, the court may, upon showing of good cause, order that the county pay for an independent psychiatric evaluation. The defendant shall notify the prosecuting attorney at least 5 days before the day scheduled for the indepen-

dent evaluation that he or she intends to secure such an evaluation. The prosecuting attorney may similarly obtain independent psychiatric evaluation. A clinician secured by an indigent defendant is entitled to receive a reasonable fee as approved by the court.

When faced with a question of statutory interpretation, "[w]e begin by construing the language of the statute itself." *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). "Our concern is to ascertain and give effect to the legislative intent as expressed by the plain language of the statute." *People v Thomas*, 260 Mich App 450, 458; 678 NW2d 631 (2004). "If the language is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted." *People v Giovannini*, 271 Mich App 409, 412; 722 NW2d 237 (2006). The Legislature is presumed to have intended the meaning it plainly expressed, *People v Petty*, 469 Mich 108, 114; 665 NW2d 443 (2003), and we may not speculate about the probable intent of the Legislature beyond the language expressed in the statute, *People v Hock Shop, Inc*, 261 Mich App 521, 528; 681 NW2d 669 (2004).

When examining a statute, we presume that every word has some meaning. *People v Borchard-Ruhland*, 460 Mich 278, 285; 597 NW2d 1 (1999). Every word in a statute should be afforded its plain and ordinary meaning. *People v Fennell*, 260 Mich App 261, 267; 677 NW2d 66 (2004). If a word is not defined in the statute, we may refer to dictionary definitions. *People v Stone*, 463 Mich 558, 563; 621 NW2d 702 (2001).

According to the plain statutory language, MCL 768.20a comes into play "[i]f a defendant in a felony case *proposes to offer* in his or her defense testimony to establish his or her insanity at the time of an alleged offense . . . ." MCL 768.20a(1) (emphasis added). Of

particular relevance in this context, the word "propose" is defined as "to plan; intend," *Random House Webster's College Dictionary* (1997), and "to form or declare a plan or intention," *Webster's Third New International Dictionary, Unabridged Edition* (1965). Thus, only a defendant who "plan[s]" or "intend[s]" to raise the insanity defense at trial must comply with the procedures set forth in MCL 768.20a.

After defendant's arrest, defense counsel set out to gain more information concerning defendant's mental condition and to further investigate whether there might be a sufficient basis for asserting the defense of insanity in this case. The defense moved the trial court to allow its privately retained psychologist to examine defendant in jail for the express purpose of ascertaining whether it would be advisable or even reasonable to raise an insanity defense at trial. At the time that the defense sought this permission, it was not clear whether defendant was sane or insane at the time of the underlying offense, and it was not yet known whether an insanity defense would even be viable. Counsel simply wished to adequately investigate all potential defenses.

We cannot conclude that by requesting an independent psychological evaluation for defendant, defense counsel was "propos[ing] to offer . . . testimony to establish [defendant's] insanity at the time of an alleged offense . . . ." MCL 768.20a(1). As noted, it was not yet known whether an insanity defense would even be viable, and it would be unreasonable to deduce from counsel's mere request to investigate defendant's mental state that the defense had solidified "a plan or intention" to raise the insanity defense at trial. See *Webster's Third New International Dictionary, Unabridged Edition* (1965). At the earliest, defense counsel could have reasonably "form[ed] or declare[d] a plan

or intention" to raise the insanity defense only after fully and adequately investigating defendant's sanity itself. When the defense filed its motion for an independent psychological examination of defendant, it quite simply did not yet possess sufficient data from which it could "form or declare a plan or intention" to assert the insanity defense at trial.[1]

Defense counsel's request for an independent psychological evaluation of defendant was clearly not a "propos[al] to offer" the insanity defense at trial. Instead, it was merely a request for permission to fully and adequately investigate all potential defenses that might be viable in this case. Pursuant to the plain statutory language, MCL 768.20a does not come into play until a defendant definitively "proposes to offer in his or her defense testimony to establish his or her insanity . . . ." A mere request to investigate and examine the viability or feasibility of a potential insanity defense is not sufficient to trigger the statute. We conclude that defendant's request for an independent psychological evaluation was not governed by MCL 768.20a because the defense had not yet "propose[d] to offer" an insanity defense in this case.[2]

---

[1] We note that MRPC 3.1 provides that a lawyer must not assert an issue in any proceeding "unless there is a basis for doing so that is not frivolous." An attorney would violate this ethical obligation by filing a written notice of intent to raise the insanity defense before adequately investigating the viability of such a defense and forming a sufficient basis to believe that the defense is warranted.

[2] The prosecution contends that if defendant had complied with the requirements of MCL 768.20a, including the requirement of written notice of intent to pursue the insanity defense, he would have ultimately received the opportunity to undergo an independent examination by his own psychologist pursuant to MCL 768.20a(3). It is further suggested that if defendant had learned from this independent psychological examination that the insanity defense was not prudent or advisable, he could have simply withdrawn his written notice at that time. We find this

B

Having determined that MCL 768.20a did not govern defendant's request to be evaluated by his privately retained psychologist while in jail pending trial, we must now determine whether the trial court abused its discretion by denying defendant's request. We conclude that it did.

The abuse of discretion standard acknowledges that there may be more than one principled outcome in any given case. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Id.* "[A] court 'by definition abuses its discretion when it makes an error of law.' " *Giovannini, supra* at 417, quoting *Koon v United States*, 518 US 81, 100; 116 S Ct 2035; 135 L Ed 2d 392 (1996).

"Legal insanity is an affirmative defense to a crime in Michigan." *People v Toma*, 462 Mich 281, 292 n 6; 613 NW2d 694 (2000). The Sixth Amendment requires counsel to reasonably investigate all potentially viable defenses. See *Dando v Yukins*, 461 F3d 791, 799 (CA 6, 2006); see also *Beasley v United States*, 491 F2d 687, 696 (CA 6, 1974). "A defendant is entitled to have his counsel prepare, investigate, and present all substantial defenses." *In re Ayres*, 239 Mich App 8, 22; 608 NW2d 132 (1999); *People v Kelly*, 186 Mich App 524, 526; 465 NW2d 569 (1990). "The importance of defense counsel's

---

suggestion unworkable. A notice of intent to pursue the insanity defense under MCL 768.20a(1) is a party admission. MRE 801(d)(2); see also *People v McCray*, 245 Mich App 631, 635; 630 NW2d 633 (2001) (notice of alibi defense, as a party admission, is admissible for purpose of impeachment). Therefore, even if a defendant withdraws his or her initial written notice, the prosecution remain free to use the contents of the notice as impeachment evidence at trial. See *id.* at 636-637.

pretrial investigation and preparation cannot be over-emphasized." *People v Lewis*, 64 Mich App 175, 183; 235 NW2d 100 (1975). We have repeatedly stated that a criminal defendant is denied the effective assistance of counsel when his or her attorney fails to investigate and present a meritorious insanity defense. *People v Hunt*, 170 Mich App 1, 13; 427 NW2d 907 (1988); *People v Parker*, 133 Mich App 358, 363; 349 NW2d 514 (1984); *People v McDonnel*, 91 Mich App 458, 461; 283 NW2d 773 (1979).

The Michigan Constitution and the United States Constitution guarantee criminal defendants the right to the effective assistance of counsel. US Const Am VI; Const 1963, art 1, § 20; *LeBlanc, supra* at 578. Under certain circumstances, even when counsel's performance is not intrinsically deficient, a defendant's right to the effective assistance of counsel may be denied by government action. *Bell v Cone*, 535 US 685, 696 n 3; 122 S Ct 1843; 152 L Ed 2d 914 (2002). The trial court, itself, violates a criminal defendant's Sixth Amendment rights when it directly interferes with the attorney-client relationship, thereby constructively denying the defendant the effective assistance of trial counsel. *Id.*; see also *Geders v United States*, 425 US 80, 91; 96 S Ct 1330; 47 L Ed 2d 592 (1976); *Herring v New York*, 422 US 853, 865; 95 S Ct 2550; 45 L Ed 2d 593 (1975). Indeed, as our Supreme Court has recognized, a defendant's Sixth Amendment right to the effective assistance of counsel is violated in "cases in which the court or the state directly interferes with the attorney-client relationship by preventing counsel from rendering assistance." *People v Mitchell*, 454 Mich 145, 154; 560 NW2d 600 (1997).

An individual may be found legally insane only "if, as a result of mental illness . . . or as a result of being

mentally retarded . . . that person lacks substantial capacity either to appreciate the nature and quality or the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of the law." MCL 768.21a(1). The determination whether a given defendant is legally insane therefore requires insight into the defendant's psychological state and mental competency. Indeed, "[t]he concept of mental illness and insanity suggests reference to the medical and psychiatric sciences."[3] *People v Drossart*, 99 Mich App 66, 74; 297 NW2d 863 (1980). These matters are typically beyond the scope of common knowledge.

We acknowledge that expert testimony is not always *required* on the issue of a criminal defendant's insanity and that "[b]oth the expert and lay witness may express their opinions on the mental condition of the accused at the time of the charged offense . . . ." *Id.* at 73. However, we conclude that defense counsel in this case acted appropriately by seeking to obtain the opinion of a psychologist before deciding whether it would be advisable to raise the defense of insanity at trial. Seeking to obtain a psychologist's opinion in this manner was wholly consistent with defense counsel's constitutional obligation to reasonably and adequately investigate all substantial defenses. See *Ayres, supra* at 22; *Kelly, supra* at 526. By denying defense counsel's request to have defendant evaluated by a privately retained psychologist while in jail pending trial, the trial court deprived counsel of the opportunity to investigate a potential insanity defense in this matter. In so doing, the court "directly interfere[d] with the attorney-client

---

[3] Although a psychologist lacks the medical training of a psychiatrist, *People v Crawford*, 66 Mich App 581, 584 n 1; 239 NW2d 670 (1976), a psychologist may nonetheless offer expert testimony in a criminal case involving the defense of insanity, *People v Hawthorne*, 293 Mich 15, 22-25; 291 NW 205 (1940) (opinion of BUTZEL, J.).

relationship by preventing counsel from rendering assistance." *Mitchell, supra* at 154. Accordingly, the trial court constructively denied defendant the effective assistance of counsel, thereby violating his Sixth Amendment rights. *Id.*; see also *Bell, supra* at 696 n 3.[4] We conclude that the trial court abused its discretion by denying the motion for an independent psychological examination. *Giovannini, supra* at 417.

IV

All that remains is a determination of the appropriate remedy. We note that even if the trial court had not wrongly denied defendant's request for an independent psychological evaluation, defendant might not have raised an insanity defense in this case. In other words, as defense counsel conceded at oral argument before this Court, defendant would not have pursued the defense of insanity at trial if his privately retained psychologist had recommended against it.

We therefore conclude that reversal at this stage would be premature. Instead, we remand and instruct the trial court to afford defendant the opportunity that he initially sought—an opportunity to be evaluated by a privately retained psychologist for the purpose of ascertaining his mental condition at the time of the charged offense. After the independent examination, the psychologist shall consult with defense counsel. If the psychologist and defense counsel find that there is a triable issue concerning defendant's sanity at the time of the charged offense, then the trial court shall vacate

---

[4] The Sixth Amendment error is complete when the court constructively denies the defendant's right to the effective assistance of counsel. In such cases, we need not inquire into whether the constitutional error has resulted in actual prejudice to the defense. *Bell, supra* at 696 n 3; *Mitchell, supra* at 155.

defendant's conviction and a new trial shall be held.[5] Otherwise, defendant's conviction shall stand affirmed.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

SERVITTO, P.J., concurred.

SCHUETTE, J. (*dissenting*). I do not believe that the trial court erred in denying defendant's pretrial request for an independent psychological examination. Therefore, I respectfully dissent from the opinion of my distinguished colleagues in the majority.

The primary goal of statutory interpretation is to give effect to the Legislature's intent. *People v Gillis*, 474 Mich 105, 114; 712 NW2d 419 (2006). To determine the Legislature's intent, we must first look to the specific language of the statute. *People v Lively*, 470 Mich 248, 253; 680 NW2d 878 (2004). We consider both the plain meaning of the words or phrases and their " ' "placement and purpose in the statutory scheme." ' " *Gillis*, *supra* at 114, quoting *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999), quoting *Bailey v United States*, 516 US 137, 145; 116 S Ct 501; 133 L Ed 2d 472 (1995).

MCL 768.20a governs the use of an insanity defense in felony cases, providing, in pertinent part, as follows:

(1) If a defendant in a felony case proposes to offer in his or her defense testimony to establish his or her insanity at the time of an alleged offense, the defendant shall file and serve upon the court and the prosecuting attorney a notice in writing of his or her intention to assert the defense of

---

[5] Of course, if the psychologist and defense counsel do find that there is a triable issue concerning defendant's sanity at the time of the charged offense, defendant will be required to comply with MCL 768.20a before his new trial.

insanity not less than 30 days before the date set for the trial of the case, or at such other time as the court directs.

(2) Upon receipt of a notice of an intention to assert the defense of insanity, a court shall order the defendant to undergo an examination relating to his or her claim of insanity by personnel of the center for forensic psychiatry or by other qualified personnel, as applicable, for a period not to exceed 60 days from the date of the order. When the defendant is to be held in jail pending trial, the center or the other qualified personnel may perform the examination in the jail, or may notify the sheriff to transport the defendant to the center or facility used by the qualified personnel for the examination, and the sheriff shall return the defendant to the jail upon completion of the examination. When the defendant is at liberty pending trial, on bail or otherwise, the defendant shall make himself or herself available for the examination at the place and time established by the center or the other qualified personnel. If the defendant, after being notified of the place and time of the examination, fails to make himself or herself available for the examination, the court may, without a hearing, order his or her commitment to the center.

(3) The defendant may, at his or her own expense, secure an independent psychiatric evaluation by a clinician of his or her choice on the issue of his or her insanity at the time the alleged offense was committed. If the defendant is indigent, the court may, upon showing of good cause, order that the county pay for an independent psychiatric evaluation. The defendant shall notify the prosecuting attorney at least 5 days before the day scheduled for the independent evaluation that he or she intends to secure such an evaluation. The prosecuting attorney may similarly obtain independent psychiatric evaluation. A clinician secured by an indigent defendant is entitled to receive a reasonable fee as approved by the court.

In enacting MCL 768.20a and MCL 768.21a, the Legislature created a comprehensive statutory scheme governing the use of the insanity defense. A defendant may not raise the affirmative defense of insanity if he or

she refuses to comply with MCL 768.20a. *People v Hayes*, 421 Mich 271, 279-283; 364 NW2d 635 (1984). Although a defendant has a constitutional right to present a defense, US Const, Am VI; Const 1963, art 1, § 20, that right is not absolute. *Hayes, supra* at 279. Rather, a defendant must still comply with the " 'established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.' " *Id.* (citation omitted). Indeed, our Supreme Court has recognized that limitations placed on the insanity defense under the procedures set forth in MCL 768.20a do " 'not unconstitutionally infringe on a defendant's right to present a defense.' " *People v Toma*, 462 Mich 281, 294; 613 NW2d 694 (2000), quoting *Hayes, supra* at 283. Therefore, our Supreme Court has held that it is appropriate to preclude evidence of insanity when a defendant fails to follow the procedures set forth in MCL 768.20a. *Hayes, supra* at 283 (noting that it is "an appropriate means of protecting the integrity, accuracy, and credibility of evidence of insanity").

I disagree with the majority's conclusion that defendant's request for an independent psychological examination was not governed by MCL 768.20a. I agree with the trial court that the statute should be read in chronological order, i.e., a defendant cannot seek an independent psychological examination under MCL 768.20a(3) before complying with MCL 768.20a(1) and (2). Looking to the language of the statute, its ordering, and its purpose, this is the most logical interpretation. Therefore, in this case, defendant did not have the right to an independent psychological examination before meeting the first two conditions—giving notice of an insanity defense and being evaluated by the center for forensic psychiatry.

Finally, even if the majority is correct that MCL 768.20a does not govern defendant's request for an independent psychological examination, defendant's constitutional rights were not violated by the trial court's decision in this case. Defendant was not deprived of the right to pursue a defense or to have his own expert evaluate his mental condition. Rather, he was merely required to follow the procedures set forth in MCL 768.20a, and, because of this, he chose to forgo his insanity defense.

For all of these reasons, I would affirm the trial court's decision.