**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0775n.06

No. 11-2267

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td></td><td></td><td></td></tr>
</table>

|  |  |  |
|---|---|---|
| AMIR AZIZ SHAHIDEH, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| KENNETH T. MCKEE, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

**FILED**

*Jul 18, 2012*

LEONARD GREEN, Clerk

BEFORE:  NORRIS, McKEAGUE, and KETHLEDGE, Circuit Judges.

PER CURIAM.  Amir Aziz Shahideh, a Michigan state prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.

In 2005, Shahideh murdered his twenty-year-old girlfriend by beating her with a baseball bat and stabbing her in the chest with a kitchen knife.  He confessed his crime and led the police to the garbage can where he had hidden the body.  Prior to trial, defense counsel filed a motion to allow a privately retained psychologist to examine Shahideh in the jail beyond the normal visiting restrictions, to determine whether a defense of insanity would be viable.  The trial court determined that Shahideh must comply with the procedures set forth in Mich. Comp. Laws § 768.20a, which required him to first file a notice of intent to raise the defense of insanity and be examined by a neutral expert at the state Center for Forensic Psychiatry before he could be examined by the defense expert.  The trial court rejected counsel's argument that requiring him to comply with this procedure

would result in a violation of Shahideh's right not to incriminate himself. Counsel opted not to raise the insanity defense, and instead argued at trial that the murder was not premeditated and that Shahideh should be convicted of second-degree murder. During deliberations, the jury submitted a question as to whether Shahideh could have presented a defense of temporary insanity. They were instructed to decide the case on the evidence and instructions previously given. A verdict was returned of guilty of premeditated murder.

On direct appeal, counsel argued that the trial court erred in denying his motion to allow a psychologist to examine Shahideh, claiming that his rights to present a defense, to effective assistance of counsel, and against self-incrimination had been violated. A divided Michigan Court of Appeals agreed and remanded the case for further proceedings. *People v. Shahideh*, 743 N.W.2d 233 (Mich. Ct. App. 2007). A divided Michigan Supreme Court reversed this decision, concluding that Shahideh had "waived his right to appellate relief by abandoning his insanity defense." *People v. Shahideh*, 758 N.W.2d 536, 537 (Mich. 2008).

Shahideh did not pursue postconviction relief in the state courts. Instead, he filed this petition for federal habeas corpus relief, reasserting the claims he had raised on direct appeal. The respondent moved to dismiss, arguing that the Michigan Supreme Court's finding of waiver amounted to a procedural default by Shahideh that he had not established cause or prejudice to excuse. The district court agreed and dismissed the petition.

On de novo review, *see, e.g., Jalowiec v. Bradshaw*, 657 F.3d 293, 302 (6th Cir. 2011), *pet. for cert. filed* (Apr. 3, 2012) (No. 11-9704), we affirm the district court's holding that Shahideh's claims were procedurally defaulted. Where the state courts have declined to reach the merits of a state prisoner's claims due to application of "an independent and adequate state procedural rule,

federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A habeas petitioner's claim will be deemed procedurally defaulted if each of the following four factors is met: (1) the petitioner failed to comply with a state procedural rule; (2) the state courts enforced the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner has not shown cause and prejudice excusing the default. *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010). We look to the last reasoned state-court decision to determine whether a state procedural rule was applied to bar a claim. *Id.* at 291.

Here, Shahideh's counsel did not file an interlocutory appeal after the trial court denied his request for private psychological examination, and in his opening statement, counsel stated that Shahideh was "not claiming temporary insanity." (Trial Tr., Page ID # 539.) Accordingly, the Michigan Supreme Court reasoned that the "trial court's ruling did not prohibit the defendant from pursuing an insanity defense" and that, instead, Shahideh had "elected to abandon" that defense by choosing not to file notice of intent under MCL 768.20a. *Shahideh*, 758 N.W.2d at 537. The court concluded that this failure amounted to waiver of a known right, and applied the state's waiver rule to preclude Shahideh from "obtain[ing] appellate relief because his chosen defense strategy failed." *Id.* Such a waiver is a recognized, independent and adequate state law ground for refusing to review alleged trial errors. *See People v. Carter*, 612 N.W.2d 144 (Mich. 2000).

"The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure." *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir.

1987). When considering a petition for the writ, "[t]he federal courts must defer to a state court's interpretation of its own rules of evidence and procedure." *See Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005). The Supreme Court has recognized the "significant harm to the State that results from the failure of federal courts to respect [state procedural rules]." *Coleman*, 501 U.S. at 750. When viewed under a deferential lens, the Michigan Supreme Court's reasoned application of its own waiver rule should be upheld. The state court enforced the waiver rule in light of the specific statutory channels that had been provided for claiming insanity and Shahideh's counsel's intentional choice to abandon the defense rather than follow those procedures. Thus, the first three prongs of our test for procedural default are met.

Finally, Shahideh has not shown cause to excuse his default. *See Coleman*, 501 U.S. at 750; *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994). Shahideh claims that he was prevented from pursuing an insanity defense because he would have been forced to sacrifice his Fifth Amendment right against self incrimination by submitting to the processes required by the trial court to obtain an independent psychological examination. (Petition, Page ID # 39.) But as the district court noted, this was simply not the case. The Michigan statute provides:

> Statements made by the defendant to personnel of the center for forensic psychiatry, to other qualified personnel, or to any independent examiner during an examination shall not be admissible or have probative value in court at the trial of the case on any issues other than his or her mental illness or insanity at the time of the alleged offense.

MCL § 768.20a(5). Therefore, Shahideh's statements could not have been used to incriminate him, and his Fifth Amendment rights were not implicated. *See Estelle v. Smith*, 451 U.S 454, 462–63 (1982). Accordingly, no "objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Instead,

it was Shahideh's counsel's strategic choice to forego the insanity defense and move forward on a theory that Shahideh had not premeditated the crime. There is no basis for any reviewing court to assume, as a facial matter, that if Shahideh would have pursued the insanity defense, the State would have used his statements to the Center for Forensic Psychiatry in an unlawful or unconstitutional manner.

Accordingly, we AFFIRM the district court's dismissal of the petition on the basis of procedural default.